**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RAFAEL ANTONIO,

    Petitioner,

v.                                          CASE NO. 8:06-CV-101-T-30MAP
                                                              8:03-CR-176-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause comes before the Court for consideration of Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). Section 2255 provides, in pertinent part, that if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the Government. 28 U.S.C. § 2255. *See also United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982). Having concluded, for reasons set forth below, that Petitioner's § 2255 is subject to summary dismissal, the April 7, 2006 order directing the Government to file a response to the motion (CV Dkt. 4) will be vacated.

**Background**

Petitioner was charged by indictment on May 1, 2003, with conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, while aboard a vessel subject to the jurisdiction of the United States, in violation of the provisions of 46 App.

U.S.C. §§ 1903(a) and 1903(g), all in violation of 46 App. U.S.C. §§ 1903(a), 1903(g), and 1903(j) and  21 U.S.C. § 960(b)(1)(B)(ii) (Count One); and possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of 46 App. U.S.C. §§ 1903(a) and 1903(g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii)  (Count Two) (CR Dkt. 1).

Represented by court-appointed counsel, Petitioner entered a plea of guilty to Count Two on June 25, 2003 (CR Dkt. 23) pursuant to a written plea agreement executed June 23, 2003 (CR Dkt. 23).  One consequence of Petitioner's plea agreement is his waiver of the right to appeal his sentence:

> directly or *collaterally*, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and U.S.S.G. § 5CI.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

CR Dkt. 23 at 12.  Under the terms of Petitioner's plea agreement, the Government agreed to dismiss Count One of the indictment.

On January 23, 2004, Petitioner appeared for sentencing.  Because Petitioner took a 9mm pistol aboard the vessel, his base offense level of 38 was increased by two levels pursuant to 2D1.1(d)(1). Consistent with the terms of the plea agreement, the Government requested that Petitioner receive a three-level downward departure pursuant to U.S.S.G. § 5K1.1 for substantial assistance (CR Dkt. 69) and a one-level downward departure pursuant to U.S.S.G. § 3E1.1(b) for timely notifying the Government of his intent to enter a plea (CR

Dkt.70). Based on the probation officer's recommendation, the Court awarded Petitioner a two-level downward adjustment in his base offense level pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility for his criminal conduct, and granted the Government's motions for downward adjustments.  With a criminal history category of I, Petitioner was sentenced to serve a term of 151 months imprisonment, to be followed by a 60-month term of supervised release, and the Government dismissed Count One (CR Dkt. 71).  Judgment was entered on January 27, 2004 (CR Dkt. 74).

On direct appeal, court appointed counsel filed an *Anders* brief[1] bringing the following issues to the appellate court's attention:

1. Whether [Petitioner's] plea of guilty to count one of the indictment was knowingly and voluntarily made?

2. Whether Federal Rule of Criminal Procedure 11 was substantially followed during the plea colloquy?

3. Whether [Petitioner's] waiver of appeal which was included in the plea agreement was voluntarily entered into and thus enforceable?

Having conducted an independent examination of the entire record, the appellate court affirmed Petitioner's conviction on October 29, 2004, finding that the "record reveal[ed] no arguable issues of merit" (CR Dkt. 99). *See United States v. Antonio*, 124 Fed. Appx. 642 (11th Cir. 2004). Given the issues raised in the *Anders* brief, this Court concludes that in affirming Petitioner's conviction and sentence, the Eleventh Circuit implicitly found that his plea was knowingly and voluntarily entered.

---

[1] An *Anders* brief is filed by a court-appointed defense attorney who wants to withdraw from the case on appeal based on a belief that the appeal is frivolous. In an *Anders* brief, the attorney seeking to withdraw must identify anything in the record that might arguably support the appeal. The court then decides whether the appeal is frivolous and whether the attorney should be permitted to withdraw. *Anders v. California,* 386 U.S. 738 (1967).

On January 17, 2006, Petitioner timely filed his § 2255 motion asserting three claims for relief. Because Petitioner waived his right to appeal, directly or collaterally, in his plea agreement, his § 2255 motion is subject to summary denial.

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

Guilty pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack, *see United States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990).  It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from

4

attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

## Discussion

Petitioner negotiated an agreement with the Government regarding the disposition of his criminal charges and entered a guilty plea pursuant thereto (CR Dkt. 29).  Petitioner does not challenge the validity of the plea agreement.  To the contrary, Petitioner argues for strict enforcement of its terms.

When Petitioner executed his plea agreement, he waived all but jurisdictional claims up to the time of the plea.  *See Tollett v. Henderson*, 411 U.S. at 266-67.  As set forth *supra*, pursuant to the plea agreement Petitioner executed, he waived his right to appeal, directly or collaterally, any factual or legal finding made by the Court in calculating the appropriate guideline range, unless the Court upwardly departed or the Government appealed.  The waiver includes claims of ineffective assistance of counsel at sentencing.  *See Williams*, 396 F.3d at 1342.

In the plea agreement, Petitioner admitted that the conspiracy involved "a multi-hundred kilogram shipment of cocaine," and he was placed on notice that the charge to which he was agreeing to plead guilty carried a mandatory minimum sentence of ten (10) years imprisonment with a maximum sentence of life imprisonment, a term of supervised release of not more than five (5) years, and a fine of not more than $4,000,000 (CR Dkt. 23

at 2).[2]  Clearly, Petitioner's 151-month sentence is within the statutory maximum for the offense of conviction (CR Dkt. 71 at 2).  The Government did not file an appeal. Thus, Petitioner's waiver of his right to challenge the guidelines sentence is controlling. *See Williams*, 396 F.3d at 1342.  *See also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

Enforcing the appeal waiver is merely holding Petitioner to the bargain he made. Petitioner has had the benefit of his bargain – the Government dismissed Count One of the indictment at sentencing and sought downward adjustments in his base offense level for substantial assistance and timely notification of his intent to enter a plea (CR Dkt. 71).  The Government is likewise entitled to the benefit of its bargain. Petitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing. *See Bushert*, 997 F.2d at 1350. Petitioner was not promised anything that he did not receive, and he has received no punishment greater than that originally assigned him in the plea agreement.

As to Petitioner's contention that the Court acted without jurisdiction under the Maritime Drug Law Enforcement Act because the go-fast boat did not meet the statutory

---

[2]Title 46 U.S.C. App. § 1903 provides, in relevant part, that "[i]t is unlawful for any person on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States, or who is a citizen of the United States or a resident alien of the United States on board any vessel, to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance. . . . (g)(1) Any person who commits an offense defined in this section shall be punished in accordance with the penalties set forth in section 1010 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 960)." Pursuant to 21 U.S.C. § 960(b)(1) any person found to be in violation of 46 U.S.C. App. § 1903 involving 5 kilograms or more of a mixture or substance containing a detectable amount of "cocaine, its salts, optical and geometric isomers, and salts or isomers . . . shall be sentenced to a term of imprisonment of not less than 10 years and not more than life and . . . a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $4,000,000 if the defendant is an individual." 21 U.S.C. § 960(b)(1)(B)(ii).

definition of a vessel subject to the jurisdiction of the United States, this argument is baseless. In the plea agreement, Petitioner admitted to the following factual basis for the charged offense:

> From an unknown date through on or about April 28, 2003, [Petitioner] was a knowing and willing participant in the attempt to smuggle a multi-hundred kilogram shipment of cocaine onboard a go-fast boat, which had no markings or registration. [Petitioner] was a member of the crew of the go-fast boat, and the crew intended to deliver the cocaine that was on the boat to other persons.
>
> Before leaving the coast of Columbia, with the cocaine shipment onboard the go-fast boat, [Petitioner] as well as other co-defendant crew members, agreed to participate in the drug smuggling venture and was to be paid for his services in assisting in smuggling the cocaine.
>
> On April 26, 2003, the United States Coast Guard vessel Harriet Lane located the go-fast boat in international waters in the Caribbean Sea off the coast of Honduras. A boarding team from the Harriet Lane approached the go-fast (which displayed no flag or markings indicating its nationality) and through an interpreter, asked the four crew-members standard right-of-approach questions, including the nationality of the go-fast boat and the crew-members. After claiming that the master of the go-fast boat was not onboard, all four crew-members claimed that they and the go-fast boat were of Colombian nationality.
>
> When United States Coast Guard District 7 Headquarters contacted the Columbian Naval Operations Center, which could neither confirm nor deny the registry of the go-fast vessel based on inadequate information, the United States Coast Guard District 7 determined that the go-fast boat was a stateless vessel without nationality and gave the Harriet Lane boarding team permission to board the go-fast vessel and enforce United States laws.
>
> During the boarding, the members of the boarding team discovered in the center hold of the go-fast vessel, approximately 66 burlap bales containing a total of approximate [sic] 110 packages of white powder substance. Field tests conducted on some of the packages reflected positive for cocaine. The packages of cocaine weighted approximately 4300 pounds. The boarding team also found onboard the go-fast vessel among other things, a loaded 9mm Beretta Pistol and six 55-gallon barrels, all empty except one that contained approximately 40 gallons of fuel.

> Because the go-fast boat upon which the [Petitioner] and his co-defendant crew members were traveling was determined to be a vessel without nationality, it was subject to the jurisdiction of the United States.

CR Dkt. 23 at 14-16.

As Petitioner points out in the memorandum of law he filed in support of his § 2255 motion, 46 Appx. U.S.C. § 1903(g) provides, in pertinent part, that "a vessel subject to the jurisdiction of the United States includes – a vessel without nationality."  Given the facts admitted by Petitioner in the plea agreement, his argument that the go-fast boat was not a vessel subject to the jurisdiction of the United States when he was arrested fails.

Finally, Petitioner's assertion that trial and appellate counsel were ineffective for failing to challenge the calculation of his sentence and the Court's jurisdiction, for reasons discussed above, lacks merit.  First, as discussed above, claims of ineffective assistance of counsel are waived by the appeal waiver unless they go to the negotiation of the plea agreement itself, *see Williams v. United States*, 396 F.3d at 1342, which Petitioner does not challenge.  Moreover, were the claims not waived, Petitioner could not meet the two-prong test applied to claims of ineffective assistance as enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel is simply not ineffective for failing to raise an argument which runs contrary to the law or controlling precedent at trial or on appeal. *See Jones v. Barnes*, 463 U.S. 745 (1983); *see also United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (attorney not ineffective for failing to argue a meritless issue).

## Conclusion

Having reviewed the record, applicable statutes, and controlling case law in this circuit, the Court finds that Petitioner has not met the criteria for relief under § 2255.

ACCORDINGLY, the Court **ORDERS** that:

1. The April 7, 2006 order directing the Government to file a response to Petitioner's § 2255 motion (**CV Dkt. 4**) is **VACATED**.

2. Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (**CV Dkt. 1**) is **DENIED**.

3. The **Clerk** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 8, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record
SA:jsh